UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| PATRICK DIXON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-134 |
| | § | |
| OFFICER GOMEZ, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

On October 15, 2014, Officer Gomez filed a motion to dismiss for failure to state a claim (D.E. 14). Plaintiff did not file a response. On October 30, 2014, a notice was mailed to Plaintiff that Defendant Gomez's motion to dismiss would be treated as a motion for summary judgment, and giving Plaintiff an opportunity to submit his own evidence and additional time to file a response (D.E. 19). The notice was returned in the mail with a note that Plaintiff had been released from the Nueces County Jail (D.E. 20). It is Plaintiff's responsibility to keep the court advised of his current mailing address. It is not the job of the Clerk to find him. It appears that Plaintiff has abandoned his lawsuit.

On November 7, 2014, Plaintiff was ordered to show cause within twenty days why his lawsuit should not be dismissed for want of prosecution (D.E. 21). The mail was returned as undeliverable (D.E. 23), and Plaintiff filed no response.

**Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—

except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here plaintiff failed to file a response to the motion to dismiss, failed to respond to the show cause order, and failed to submit any change of address. The court cannot move forward on the merits of the complaint without participation by the plaintiff, who appears to have abandoned any interest in pursuing his complaint. Dismissal without prejudice is the only sanction appropriate in this case.

Accordingly, Plaintiff's lawsuit is *sua sponte* dismissed without prejudice for failure to prosecute. All other pending motions are denied as moot.

ORDERED this 3rd day of December, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE